THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ RAMÓN ORTIZ, *alias* GOLDEN FLINT, Defendant and Appellant.

No. 9345. Argued June 2, 1942.—Decided June 9, 1942.

524

*José R. Fournier* for appellant.  *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This case was commenced in the Municipal Court of Bayamón upon the filing of a complaint which reads as follows:

"That said defendant José Ramón Ortiz, alias 'Golden Flint,' on March 30, 1941, at Km. 2–5 of the Cataño–Palo Seco road, in the Palmas Barrio within the municipal judicial district of Bayamón, P.R., which forms part of the judicial district of Bayamón, P.R., then and there did unlawfully and wilfully violate the provisions of §328 of the Penal Code, as amended by Act No. 51, approved April 13, 1916, in that while driving, as chauffeur and owner, an automobile, license plate No. P-633, he did so with such carelessness, gross negligence and unskillfulness that he allowed it to collide with a GMC truck, license plate No. 1543 U. S., that was standing to the right, in consequence of which collision the following persons were injured: José Isabelo Boria, with several wounds in the frontal region and a

heavy blow on the thorax; Ramón Montañez Román, with the fracture of the lower third of the left arm; Martín Calero, with a bruise in the right leg; and the defendant with a wound in the forehead.''

The defendant was convicted after a trial in said court and again in the District Court of Bayamón, where the case was tried *de novo*. In the appeal before us he alleges that the lower court erred in overruling the demurrer filed by the defendant and in rendering judgment contrary to law and the evidence.

In his argument under the first assignment of error, he subdivides the same into two parts, to wit: (1) that the complaint fails to charge any offense against the defendant; and (2) that the jurisdiction of the court is not properly alleged.

■ As to the first point, in view of the decisions in *People v. Pagán,* 49 P.R.R. 422, and *People v. Miller,* 50 P.R.R. 806, we think that, since the complaint substantially follows the language of the statute, the same is sufficient to inform the defendant of the offense charged against him.

■ As to the second point, the appellant relies on the fact that the complaint alleges that the accident took place at Km. 2-5 of the Cataño–Palo Seco in the ward (*barrio*) of Palmas, and urges that, inasmuch as said complaint fails to specify whether said place belongs either to Cataño or to Palo Seco, no jurisdiction is conferred on either the Municipal Court of Bayamón originally or on the district court on appeal; for Palo Seco is included in the municipal judicial district of Toa Alta and Cataño is included in the municipal judicial district of Bayamón. The appellant is wrong, since it is specifically stated in the complaint that said Km. 2-5 of the Cataño–Palo Seco Highway, in the ward of Palmas, is ''within the municipal judicial district of Bayamón, which forms part of the judicial district of Bayamón, Puerto Rico.'' See the cases of *People v. Aranda,* 12 P.R.R. 302; *People v. Birrer et al.,* 18 P.R.R. 260, and *People v. Torres,* 34 P.R.R. 606.

The first assignment must be dismissed.

As to the second assignment, the district attorney agreed with the appellant that the evidence for the prosecution presented in this case is not sufficient to support the judgment rendered. Let us examine, therefore, the whole of the evidence introduced in the lower court.

In support of the complaint the district attorney produced the following witnesses: Víctor Malavé, José Cora Massó, Martín Calero, and Ramón Martínez Román.

Víctor Malavé testified, in short, that he is a policeman; that he did not witness the accident; that he went to the place of the occurrence to make an investigation and saw the car of the defendant overturned on the right side of the highway; and that the defendant told him, about half an hour after the accident, that it was he who was driving the car.

José Cora Massó testified that on the day of the accident he was working on the Cataño–Palo Seco Highway, with his back turned to the place from where the car was coming; that he heard a noise like that of a car overturning; that he turned around suddenly and saw the overturned car; that he does not know who was driving the car; that he noticed that the truck which was at the edge of the road had one of its lamps indented; and that he saw an injured man.

Martín Calero testified that he was travelling in the car driven by defendant towards Palo Seco; that one of the tires of the car burst and the car collided with the truck, whereupon the car was overturned; that the car was travelling at a moderate speed, neither fast nor slow, but average; that the tire burst before the collision with the truck and that he is certain of that because he heard the blowout; that the car overturned because of its collision with the truck; that as a result of the accident he sprained his foot and Ramón Martínez had an arm fractured.

Ramón Martínez Román, who was also travelling in the car with the defendant, testified that the right front tire

blew out and that the defendant could not control the car in spite of his efforts to hold the steering wheel, and that upon colliding with the truck, the car overturned; that the car was travelling between 30 and 40 kilometers per hour.

The only evidence for the defense consisted of the testimony of the defendant himself, who testified textually as follows:

"That day, March 30, we left Palo Seco and when taking the curve known as 'Curva Bacardí' I noted that one of the front tires burst; that the blowout of the tire made the car swerve to one side and that I was unable to control it because of its collision with the truck and the car overturned into the ditch."

He further testified that he was travelling at a speed of 30 or 40 kilometers and tried to avoid the accident, for he applied the brakes, but to no avail, because he collided against the truck.

We think that this evidence is not sufficient to support a conviction of a violation of §328 of the Penal Code.

In *People* v. *Rodríguez,* 47 P.R.R. 565; *People* v. *Ríos,* 55 P.R.R. 522, and *People* v. *Barrio,* 57 P.R.R. 924, among other cases, we have held that in order to support a conviction of an offense of this nature, the evidence for the prosecution must show that the defendant operated his vehicle with a degree of negligence or carelessness greater than that which is required to obtain compensation for damages in a civil action; that such negligence must be gross or wanton and of such a character as to show an utter disregard of the safety of other persons. The evidence introduced in the present case, in our opinion, failed to show that the accused operated the car in such a way as to justify the conclusion that he was guilty of gross or wanton negligence, but rather that the accident was due to an unexpected accident of a tire blowout which resulted in the loss of control of the steering wheel, the car swerving to one side and colliding with the standing truck, which caused the car to overturn. ■ Nor

can the speed at which the car was traveling be considered as a *prima facie* element of negligence, inasmuch as, according to the evidence for the prosecution, the speed was between 30 and 40 kilometers and therefore within the limits authorized by law.

The appeal must be sustained and, consequently, the judgment rendered by the lower court must be reversed and the defendant discharged.